UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD REECE,<br><br>                               Plaintiff,<br>    v.<br>RICHARD SHEPHERD, et al.,<br><br>                             Defendants. | Case No. 3:14-cv-00192-MMD-VPC<br><br>ORDER |

## I. DISCUSSION

On May 27, 2014, this Court issued a screening order and stayed the case for 90 days to give the parties an opportunity to settle their dispute. (Dkt. no. 7 at 6.) In the screening order, the Court interpreted Plaintiff's claims, in part, as dissatisfaction with the outcome of Plaintiff's disciplinary hearing regarding his sexual harassment charge. (*Id.* at 5.) The Court found that Plaintiff was attempting to invalidate his disciplinary hearing charge and sentence to this Court. (*Id.*) To the extent that Plaintiff was attempting to invalidate his disciplinary hearing proceedings and sentence, the Court dismissed those claims without prejudice pursuant to *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Edwards*, the Supreme Court held that a 42 U.S.C. § 1983 action that would necessarily imply the invalidity of an underlying conviction or a prison disciplinary sanction could not proceed. *Edwards*, 520 U.S. at 646-48. However, the Court did permit a due process claim against Defendant Shepherd to proceed. (Dkt. no. 7 at 6.)

On June 20, 2014, Plaintiff filed a motion for reconsideration. (Dkt. no. 13.) Plaintiff argues that he is not guilty of anything listed in his notice of charges for sexual harassment and that this Court needs to dismiss those charges. (*Id.* at 2-3.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court finds that Plaintiff is re-litigating the same issues and arguments that this Court previously addressed in its screening order. Plaintiff wants this Court to invalidate his underlying notice of charges because he is "not guilty" of them. This Court addressed this issue in its original screening order. As such, the Court denies the motion for reconsideration. Plaintiff shall not file any more documents during the remainder of the 90-day stay.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (dkt. no. 13) is denied.

It is further ordered that Plaintiff shall not file any more documents during the remainder of the 90-day stay.

DATED THIS 27th day of June 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE